IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATALINA STRUCTURED FUNDING, INC., | : |
| | : |
| Plaintiff, | : Docket No. |
| | : |
| vs. | : |
| | : |
| JOSHUA SNAIR, | : |
| | : |
| Defendant. | |

### Petition for Approval of Structured Settlement Transfer, from the Court that Approved Original Structured Settlement

AND NOW, comes Joint Petitioner, Catalina Structured Funding, Inc., by and through counsel, Margolis Edelstein, and Joint Petitioner, *Joshua Snair*, pro se, and in accordance with the Rules of Civil Procedure, hereby state as follows:

1. On or about March 29, 1995, an annuity was issued to joint petitioner, Joshua Snair, providing certain guaranteed monthly payments, and certain lump sum payments, as the result of the settlement of a personal injury claim.

2. The annuity was issued by Allstate Life Insurance Company, and is owned by Allstate Settlement Corporation.

3. Joint Petitioner, Joshua Snair, has entered into a Contract with Catalina Structured Funding, Inc., wherein Joshua Snair proposes to transfer a portion of the payments from the aforementioned annuity, in exchange for a lump sum.

4. The parties have filed a "Joint Petition for Transfer of Structured Settlement Payment Rights" in the Court of Common Pleas of Jefferson County, Pennsylvania, which has been docketed at No.

789 of 2014, and assigned to Senior Judge John Leete. A true and correct copy of the Joint Petition filed in the Court of Common Pleas of Jefferson County, Pennsylvania, along with all attachments, is attached hereto and marked as Exhibit "A".

5.  Under the Pennsylvania Structured Settlement Protection Act, 40 P.S. §§4001-4009 ("The Act"), if a proposed transfer "contravenes" the terms of the original structured settlement, the transfer must be approved in writing by the court that originally approved the structured settlement; in this instance, the court that originally approved Joshua Snair's structured settlement is the United States District Court for the Western District of Pennsylvania.

6.  The Act expressly contemplates that a court may approve a transfer, even if such transfer contravenes contractual provisions of the settlement documents, and, in such event, provides protection to the structured settlement obligor (in this instance Allstate Settlement Corporation), and annuity issuer (Allstate Life Insurance Company).

7.  Although Joint Petitioners do not believe that such approval is necessary, in an effort to avoid time, expense and litigation, Joint Petitioners have agreed to seek the express written approval of the United States District Court for the Western District of Pennsylvania pursuant to 40 P.S. §4003(a)(5)(i)(B).

8.  Joint Petitioners aver that upon the obtaining of approval by the United States District Court for the Western District of Pennsylvania, and such approval having been filed with

the Court of Common Pleas of Jefferson County, Pennsylvania, that Allstate Life Insurance Company and Allstate Settlement Corporation will supply a Stipulation and/or Order in connection with the Petition for Transfer of Structured Settlement and not oppose same.

9. A "best interests" hearing is already scheduled for November 20, 2014, at 11:00 a.m. in the Court of Common Pleas of Jefferson County, Pennsylvania. 40 P.S. §4003(a)(3).

10. Joint Petitioners are not requesting the United States District Court for the Western District of Pennsylvania to conduct a "best interests" hearing; rather they simply request that this Honorable Court give its approval to the parties to proceed with the matter pending in the Court of Common Pleas of Jefferson County, Pennsylvania, the jurisdiction where Joshua Snair is domiciled.

11. Joshua Snair will not be able to complete the proposed transfer, which will be adjudicated on its merits on "best interests" grounds by the Jefferson County Court, unless this court first approves of the transfer in writing. (40 P.S. §4003(a)(5)).

12. The parties are not requesting a hearing in this matter, and submit that this Honorable Court can simply review the within petition and attached exhibits, in order to provide such approval.

WHEREFORE, Catalina Structured Funding, Inc., and Joshua Snair, respectfully request that this Honorable Court sign the attached Order reflecting its approval of the proposed transfer.

Respectfully submitted,

*MARGOLIS EDELSTEIN*

By: /s/Ronald E. Reitz
    Ronald E. Reitz, Esquire
    PA ID No.:  55408
    Attorney for Plaintiff/
    Transferee
    525 William Penn Place
    Suite 3300
    Pittsburgh, PA  15219
    P: 412 355-4969
    F: 412-642-2380
    rreitz@margolisedelstein.com